GULL RIVER LUMBER Co., Respondent, *v.* KEEFE ET AL., Appellants.

**1. Mechanics' Liens — Jury Trial.**

Section 236, C. C. Pro., as amended by chap. 146, L. 1885, providing: "An issue of law must be tried by the court. * * * An issue of fact for the recovery of money only, or specific, real or personal property, must be tried by a jury, unless a jury trial be waived. * * * Every other issue is liable by the court, which, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury, or may refer it,"— does not give a right of jury trial in an action to foreclose a mechanic's lien. Such an action being equitable in its nature, and there being no right of trial by jury under this statute, the constitution, or any law of the United States, it was not error to refuse it.

**2. Corporations, Foreign — Right to Sue — How Raised.**

The defense that a foreign corporation has no authority to sue must be raised by answer. A denial of an allegation of the complaint that "it was authorized to transact business in the territory" does not raise an issue of fact, nor does an answer alleging merely legal conclusions even though there is a voluntary reply supplying the omissions, but not considered by the court, for a record would not be presented that could be considered by the appellate court.

**3. Estoppel, Equitable — Sufficiency of Facts.**

On an issue of equitable estoppel in an action to foreclose a mechanic's lien, arising between a sub-contractor, the plaintiff, and the owner of the premises, it appeared the sub-contractor's agent, on the owner's inquiry, said the contractors were not owing the plaintiff to any great amount, that they were straightforward and all right. It also appeared the purpose of the inquiry was not disclosed. The agent's statements were made away from the office and the books were not accessible. There appeared no design to in any way mislead the defendant, nor did the facts show any gross negligence on the part of the agent in making the statements. *Held*, assuming it to be a case where an agent could estop his principal, the facts would not warrant an estoppel.

(Argued Feb. 21, 1888; affirmed Feb. 24; opinion filed Feb. 14, 1889.)

APPEAL from the district court, Burleigh county ; Hon. W. H. FRANCIS, Judge.

*Winchester & Hanitch*, for appellant.

An action to foreclose a mechanic's lien is an action at law.

Marsh v. Fraser, 27 Wis. 596; Hall v. Hinckley, 32 id. 362; Willer v. Bergenthal, 50 id. 474, 7 N. W. Rep. 352; State v. Eads, 15 Ia. 117; Cole v. Colby, 57 N. H. 100. The complaint states a legal cause of action, asks a personal judgment and such judgment was rendered. Defendant was entitled to a jury trial. Pomeroy, Rem. (2d ed.) 86.

The question presented is, can a foreign corporation, without complying with our laws as to such corporations, acquire a mechanic's lien upon the property of one with whom it sustained no contractual relation? The state has the right to condition the rights of such corporations. Bank v. Earle, 13 Pet. 519; Paul v. Virginia, 8 Wall. 168; Ducat v. Chicago, 10 id. 410; Doyle v. Cont. Ins. Co., 94 U. S. 535; Canada C. R. R. Co. v. Gebhard, 109 id. 537, 3 Sup. Ct. Rep. 363; Cooper M. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. Rep. 739. Plaintiff to have been entitled to any relief, ought to have complied with our laws. Williams v. Cheney, 3 Gray, 215, 501; Ætna Ins. Co. v. Harbey, 13 Wis. 395; New Hope D. B. Co. v. P. S. Co., 25 Wend. 648; Thorn v. Travelers' Ins. Co., 80 Pa. St. 27; Buxten v. Hamblen, 32 Me. 448; Cin. M. H. A. Co. v. Rosental, 55 Ill. 85; In re Comstock, 3 Sawy. 218.

The plaintiff is estopped to enforce the lien it claims. There is no substantial conflict in the evidence; but if the court should find there was, the rule announced in Canfield v. Bogle, 2 Dak. 464, would not obtain, because the evidence was taken before a referee and this court is in the same position as the court below. Wilson v. Cross, 33 Cal. 61; Lander v. Beers, 48 id. 536, 547; Canning v. C. P. R. R. Co., 50 id. 168. The statements made by plaintiff's agent waived the lien. Parliman v. Young, 2 Dak. 165; Brown v. Bowen, 30 N. Y. 541; Bigelow, 495; Bates v. Le Clair, 49 Vt. 234; Marston v. Heffer, 63 Ill. 403; Payne v. Burnham, 62 N. Y. 73; Newman v. Muller, 20 N. W. Rep. 845; Eikenberry v. Edwards, 24 id. 571; Sessions v. Rice, 30 id. 735; Ward v. Berkshire L. Ins. Co., 9 N. E. Rep. 363; Kelley v. Fiske, 11 id. 445.

*J. E. Carland,* for respondent.

An action to foreclose a mechanic's lien under our statute is

not an action at law — one for money only. A relief summons is required and the whole proceeding is equitable. While a personal judgment is sometimes rendered that is incidental merely.

The plaintiff had complied with our laws with reference to foreign corporations. If it had not done so it could maintain this suit. American B. Co. v. Moore, 2 Dak. 280; Fuller & J. M. Co. v. Foster, 30 N. W. Rep. 166; Cooper M. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. Rep. 739.

The court would not be authorized in holding that the plaintiff was estopped from asserting its lien. 2 Herman, 742; Brandt v. Virginia C. & I. Co., 93 U. S. 336; Henshaw v. Bissell, 18 Wall. 225; Sutton v. Wood, 27 Minn. 362, 7 N. W. Rep. 365; Combs v. Cooper, 5 Minn. 200 (Gil. 200); Whiteacre v. Culver, 6 id. 297 (Gil. 203); Coldman v. Pierce, 26 Minn. 123, 1 N. W. Rep. 846.

TRIPP, C. J. This was an action brought in the district court of Burleigh county to enforce a mechanic's lien by the plaintiff as a sub-contractor. The defendants Keefe, Hackett and Stewart are joined as contractors, and Ward as the owner of the building against which the lien is sought to be enforced. Ward alone answers. The case was sent to a referee against the objection of the defendant, and, the referee having reported the evidence to the court, it made findings thereon in favor of the plaintiff, and directed a judgment to be entered, in accordance with such findings, for the amount of the plaintiff's claim, and a foreclosure of the lien to satisfy such judgment.

Three alleged errors of the court below are relied upon by the appellant to reverse the case here:

(1) That the lower court erred in sending the case to a referee over the objection of defendant.

(2) That plaintiff had not complied with the statute relating to foreign corporations, and had no authority to sue.

(3) That the plaintiff was estopped from maintaining this action, in that, on application by defendant Ward, its agent had informed him that the contractors, Keefe and others, had paid the indebtedness due for lumber used in the erection of his house, and that he, relying upon such information, had paid said contractors

a large portion of the indebtedness due them, and had failed to secure himself for the further performance of said contract.

We shall examine the alleged errors in the order of their assignment.

The record shows that the lower court treated the action as one in which it had the power to make a compulsory reference. The defendant contends that he was entitled to a trial by jury, and has been deprived of a right under the laws of the territory and constitution of the United States. Section 236, Code Civil Proc., as amended by chapter 146, Laws 1885, provides: "An issue of fact for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived. * * * Every other issue is triable by the court, which, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury, or may refer it."

This action is a statutory one, purely in the nature of an equitable proceeding, to enforce a statutory lien. It is not an action for the recovery of money only. The summons is one for relief. Judgment cannot be taken by default without proof of the allegations of the complaint. It is clearly one of the "other issues" triable by the court. Appellant was not, then, entitled to a trial by jury under this statute. If the statute is a valid one, the issue was triable by the court, who may either try the issues itself, or send them, or any of them, to a referee or jury, as it may elect. Here it sent the cause to a referee to report the evidence, upon which it itself determined the case.

Defendant contends that under article 7 of the amendment to the constitution he is entitled to a trial by jury. This amendment, and all preceding amendments, have been uniformly held to be limitations upon the powers of congress granted to it by the states, and as such would, of course, be limitations upon the legislative powers of the territory. The territory, as the creature of congress, could exercise no greater powers than were possessed by its creator; and if congress could not pass such a law, under which the defendant would be deprived of a right to jury trial, the territory could not, and it would be void.

The amendment provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of

trial by jury shall be preserved." Suits at "common law" are so well understood by the profession that an attempted definition would seem pedantic. "Common-law actions" and "suits in equity" and "admiralty" are carefully distinguished throughout the sections and amendments of the constitution, and the forms and modes of procedure formerly were as distinct and separate as the principles governing them have ever continued to be. It is a sufficient answer to this objection to say that this is not an "action at common law." No such proceeding was ever known or obtained at common law, but every attempted enforcement of liens, whether existing by common law or under earlier statutes, in absence of express statutory proceedings, was had in equity. Under our modern system of jurisprudence, where the forms of actions have been blended, the same equitable principles must govern and control the rights of parties outside of the mere form of procedure. Trial by jury is a matter of right, and not of procedure; it belongs to the common law, and not to the equity side of the court. This being a statutory action in the nature of an equitable proceeding, the defendant had no right under the statute, the constitution, or any law of the United States, to demand a jury trial, and the court did not err in sending the facts to a referee.

The mere fact that a personal judgment is permitted to be rendered in such cases does not change or affect the character of the action. As stated by the court in Davis v. Alvord, 94 U. S. 546, where it was sought to dismiss the appeal upon the ground that the action, which was one brought to enforce a mechanic's and laborer's lien under the statute, was an action at law, and should have been brought up on error: "The fact that, according to the modes of procedure adopted in the territory, a personal judgment for the amount found due is usually rendered in such cases, with directions that, if the same be not satisfied out of other property of the debtor, the property upon which the lien is adjudged to exist shall be sold, and the proceeds be applied to its payment, does not change the character of the suit from one of equitable cognizance, and convert it into an action at law."

The second objection, that the plaintiff had no authority to sue, is not properly before this court. This court has held that such

a defense must be taken advantage of by answer.  That the plaintiff has complied with the statutes relating to foreign corporations need not be alleged in the complaint, and a failure to make such an allegation does not make the complaint open to demurrer. The plaintiff, it is true, in its complaint does allege that " it was during all of the time hereinafter mentioned a corporation created and existing under the laws of the state of Minnesota, and authorized to transact business in the territory of Dakota." And the defendant denies this in his answer, but it is the denial of a mere legal conclusion of the pleader, and created no issue of fact upon which evidence was admissible.   The defendant, however, does attempt to raise the issue in his answer by way of new matter, as follows: " That the above-named plaintiff has never filed nor had recorded a duly-authenticated copy of the appointment or commission of any agent, appointed by said plaintiff, residing at some accessible point in this territory, in the county where the principal business of said plaintiff has been carried on, duly authorized to accept service of process, and upon whom service of process might have been made in any action in which said plaintiff might have been a party, and  service upon such agent might  have been taken and held as due service upon said plaintiff in the office of the register of deeds of the county where such an agent should have resided." A mere inspection of the pleading will make it evident that no allegation of fact is set forth which could be put in issue by a denial. It does not allege that plaintiff had not filed a copy of his appointment, but alleges it had not filed a duly-authenticated copy; a duly-authenticated copy of the appointment of any agent appointed by said plaintiff ; a duly-authenticated copy of the appointment of any agent appointed by said plaintiff, residing at some accessible point in this territory ; a duly-authenticated copy of the appointment of any agent appointed by said plaintiff residing at some accessible point in this territory, in the county where the principal business of said plaintiff has been carried on ; a duly-authenticated copy of the appointment of any agent appointed by said plaintiff, residing at some accessible point in this territory, in the county where the principal business of said plaintiff has been carried on, duly authorized to accept service of process, and upon whom service of process might have been made in any action in

.which said plaintiff might have been a party, and service upon such agent might have been taken and held as due service upon said plaintiff; a duly-authenticated copy of the appointment of any agent appointed by said plaintiff residing at some accessible point in this territory, in the county where the principal business of said plaintiff has been carried on, duly authorized to accept service of process, and upon whom service of process might have been made in any action in which said plaintiff might have been a party, and service upon such agent might have been taken and held as service upon said plaintiff in the office of the register of deeds in the county where such an agent should have resided.

It is impossible, upon an analysis of this pleading, to determine in what respect the plaintiff had failed to comply with the statute,— whether the copy of the appointment was not " duly authenticated," the agent had not been " appointed by the plaintiff," the agent did not reside at " some accessible point," or the agent did not reside where the " principal business of plaintiff was carried on," or whether he meant to allege that the agent was not " duly authorized to accept service." The pleading is not merely indefinite. It pleads, at best, a mere legal conclusion. Whether the copy of the appointment was " duly authenticated," or the agent was " duly author-ized to accept service of process," are questions for the court. The pleader might, with equal propriety, have alleged that the plaintiff did not in his appointment of agent comply with the re-quirements of the statute; that is the effect of the allegation in which he has copied the language of the section into an attempted allegation of fact. The plaintiff, perhaps, came near supplying the omission of defendant by gratuitously replying, and in setting up certain allegations of fact in reference to appointment of an agent and filing a copy thereof. The reply, however, while con-tained in the record, cannot be considered by the court in absence of any order made, or apparent consideration thereof made, by the court. Our statute makes no provision for a reply made voluntarily by the plaintiff. It makes provision for a reply only to a counter-claim. The answer here sets up no counter-claim. It was new matter, and could be replied to only upon order of the court made upon application of the defendant. It often occurs

that a defendant, having alleged new matter, as, for instance, the statute of limitations, desires to know what defense the plaintiff will make to it upon the trial ; whether he will claim a subsequent promise, etc. In such case, he may apply to the court for an order compelling the plaintiff to reply ; and, in absence of such application, the plaintiff may interpose any defense he may have to the plea, but he cannot voluntarily, nor upon his own application to the court, interpose a reply. Such application must come from the defendant only. A reply, then, voluntarily interposed, will be disregarded by the court. §§ 122–124, Code Civil Proc. The issues under our Code are limited to the complaint, answer, voluntary replies to counter-claims, and replies to new matter put in upon order of the court upon application of the defendant. Again, a careful examination of the entire abstract fails to disclose any evidence whatever that the plaintiff ever transacted any business within the Territory of Dakota. All the lumber may have been sold without the Territory of Dakota, so far as is disclosed by the abstract. Nor is there any evidence whatever that the agent failed in any respect to comply with the statute relating to foreign corporations, if any thing in this case was required to be shown. There is an entire absence of any thing in the abstract, as presented to this court, that would warrant an examination of the question sought to be raised.

*Third.* The defendant seeks to set up an equitable estoppel against the plaintiff, based upon certain conversations had with its agent as to the amount of Keefe's and others' indebtedness. Without stopping to consider whether this is a case in which the agent of a corporation can estop its principal by language used, not in the performance strictly of any duties imposed upon him by the terms of his employment, we are of the opinion that the language relied upon does not, under the circumstances, make a case of estoppel. The conversation with plaintiff's agent is set out in full in the record. The defendant claims that he went to the office of Weaver, an alleged agent of the plaintiff, and found him out ; that upon inquiry he found Weaver at the office of one Winchester, one of the attorneys of the defendant ; and, in his own language: " I asked him if Hackett, Keefe & Stewart were not paying their bills. He looked up,— he was writing at the

time.   He looked up and said he guessed they was.   He looked
as though he wondered why I inquired.   I told him that I heard
that Hackett, Keefe & Stewart were not paying their bills on
my house, and that I had come in to see about it.   I asked him
if they were owing him any amount, and he told me that they
were not owing him any thing of any account, and that they
were all right."   And on cross-examination he testified : " *Ques-
tion*.   Didn't he say to you then that he did not remember with-
out looking in the books what their account was ?   *Answer*.   I
think he said something that he could not tell exactly.   I do not
remember about his mentioning books at all; but he did say that
they were not owing him any thing of any account.   *Q.*   Did he
tell you at all that he was not able to tell you what they were ow-
ing him from memory?   *A.*   That was about the amount of the
conversation."   Mr. Winchester also corroborated Mr. Ward.
Mr. Weaver, on the other hand, testified that he may have told
him that his impression was that it was not a very large amount,
but that he also told him that he did not remember, as he did not
carry his books in his head ; and that there was no conversation,
to his remembrance, as to why defendant wanted to know, or about
indebtedness for lumber for defendant's building ; that he consid-
ered them straightforward boys, etc. ; but that nothing was said
to him by defendant about his not wanting to pay them money
until he found out how much they owed plaintiff.   The testimony
further disclosed that the defendant had taken a bond from the
contractors in the sum of $2,450 for the faithful performance of
the contract, though defendant says he had been informed that
the bond was not very good.   It was further disclosed by the evi-
dence that a large part of plaintiff's indebtedness — nearly one-
half — was incurred after this conversation with Weaver.   As to
such indebtedness the plaintiff could not be estopped by the prior
act of its agent; but we are unable to discover any fraud or will-
ful misrepresentation on the part of Weaver, or such gross negli-
gence, its equivalent, as would estop the plaintiff.   Weaver was
not at his own office, where he had ready access to the books,—
a fact well known to defendant.   His answer must be from mem-
ory.   His mind was evidently on other matters, foreign to the
question propounded by defendant.   No reason is urged or shown

why he should desire to mislead defendant to his injury. If he answered defendant, as defendant claims he did, he was evidently honestly mistaken, and, if so, the one essential element of fraud is lacking. All the essential elements of estoppel must be clearly proved, and "the evidence should be precise, clear and unequivocal." Herm. Estop. 742. Justice FIELD, in Brant v. Coal Co., 93 U. S. 335, in applying the doctrine of equitable estoppel, says: "For the application of that doctrine there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence on his part as to amount to constructive fraud, by which another has been misled to his injury." Story says: "In all this class of cases, the doctrine proceeds upon the ground of constructive fraud, or of gross negligence, which in effect implies fraud; and therefore, where the circumstances of the case repel any such inference, although there may be some degree of negligence, yet courts of equity will not grant relief. It has accordingly been laid down by a very learned judge that the cases on this subject go to this result only, that there must be positive fraud or concealment, or negligence so gross as to amount to constructive fraud." 1 Story, Eq. Jur., § 391. The cases say: "The element of fraud is essential, either in the intention of the party estopped, or in the effect of the evidence which he attempts to set up." See Hill v. Epley, 31 Pa. St. 334; Henshaw v. Bissell, 18 Wall. 271; Biddle Boggs v. Mining Co., 14 Cal. 368; Com. v. Moltz, 10 Pa. St. 531; Copeland v. Copeland, 28 Me. 539; Delaplaine v. Hitchcock, 6 Hill, 616; Zuchtmann v. Roberts, 109 Mass. 53.

Giving to the evidence of defendant its strongest meaning, a court would not be warranted in holding it to constitute an estoppel; and, the court having found upon the evidence in favor of the plaintiff, we cannot disturb the finding. The judgment is affirmed; all the justices concurring.