(103 N. W. 398.)

---

AVERY MANUFACTURING COMPANY v. C. H. CRUMB, LEO H. SMITH AND O. P. SMITH.

Opinion filed January 23, 1905.

**In an Action to Foreclose a Chattel Mortgage a Jury Trial Is Not a Matter of Right.**

1. Plaintiff brought an action to foreclose a chattel mortgage, and made other mortgagees and lienholders, holding mortgages and liens on part of the property described in plaintiff's mortgage, parties defendant, and asked to have defendants' liens declared inferior and subsequent to plaintiff's mortgage. Defendant Smith answered, and demanded that his liens be declared superior to that of plaintiff, and asked judgment against plaintiff for the value of the property covered by his liens which plaintiff had taken possession of for the purpose of foreclosure. Defendant also prayed for general equitable relief. Plaintiff replied by a general denial. *Held,* that the action is an equitable action, and that plaintiff was not entitled to a jury trial as a matter of right.

**Same.**

2. Section 5032, Comp. Laws 1887, providing that all issues of fact for the recovery of money only must be tried by a jury, did not entitle the plaintiff to a jury trial as a matter of right in such an action.

**Section 5420, Rev. Codes 1899, Is Constitutional.**

3. Section 5420, Rev. Codes 1899, amending section 5032, Comp. Laws 1887, and providing that all issues of fact in an action for the recovery of money only shall be tried by a jury, does not restrict or

change the right to a trial by jury, and its enactment was not a violation of section 7 of article 1 of the constitution, providing that the right to a jury trial "shall be secured to all and remain inviolate."

**Evidence — Measure of Damages.**

4. The evidence shows that the value of ten horses taken by plaintiff was $1,200, and the trial court found the value accordingly. The evidence further showed that plaintiff had taken only nine horses covered by defendant's mortgages. There was no evidence as to the value of any of the horses separately. *Held*, that the judgment appealed from is not sustained by the evidence, and that this court cannot definitely determine the question of the value of the property taken from such evidence, and, under such conditions, will not dispose of an appeal under section 5630, Rev. Codes 1899, but will order another trial.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the Avery Manufacturing Company against Leo H. Smith. Judgment for defendant, and plaintiff appeals.

Reversed.

*Young & Wright,* for appellant.

The right of trial by jury is preserved in substance as it existed at the adoption of the constitution, and in the classes of cases to which it was then applicable. Cooley's Const. Limitations, 506; 6 Am. & Eng. Enc. Law (2d Ed.) 974; Flint River Steamboat Co. v. Foster, 5 Ga. 194, 48 Am. Dec. 248; Lake Erie, etc., Ry. Co. v. Heath, 9 Ind. 558; Byers v. Commonwealth, 42 Pa. 89; Whallon v. Bancroft, 4 Minn. 109; Mead v. Walker, 17 Wis. 189; Hawthorne v. Panama Park Co., 32 So. 812; Whitehurst v. Coleen, 53 Ill. 247; State Board v. Ray, 48 Atl. 802.

Trial of issues of fact of a legal nature in equitable suits is recognized in many jurisdictions. McNulty v. Mt. Morris Electric Light Co., 172 N. Y. 410, 65 N. E. 196; Lillienthal v. McCormick, 117 Fed. 89; Hudson v. Wood, 119 Fed. 764; Kitts v. Wilson, 5 N. E. 400; Abernathy v. Allen, 31 N. E. 534; Bradley v. Aldrich, 40 N. Y. 504, 100 Am. Dec. 528; McMartin v. Bingham, 27 Iowa, 234, 1 Am. Rep. 265; State Journal Co. v. Commonwealth Co., 43 Kan. 93, 22 Pac. 982.

Where a case exclusively of equity jurisdiction has been tried as an action at law, to a jury, verdict will be set aside and new trial granted, even if no specific objection was made by either party to

such method of trial. Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 760.

The right to a jury trial upon an amended complaint in an action at law is not lost by failure to demand a jury trial under the original complaint, presenting a case for purely equitable relief. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441.

The court erred in denying appellant's leave to amend its complaint; the practice is liberal in matters of amendments and they should always be allowed in furtherance of justice. Section 5297, Rev. Codes; Anderson v. First National Bank, 5 N. D. 80, 64 N. W. 114; Martin v. Luger Furniture Co., 8 N. D. 220, 77 N. W. 1003.

The judgment is indefinite, uncertain and contrary to law, not warranted by the findings nor by the evidence, nor are the findings of fact supported by the evidence. The court finds the action is to foreclose a chattel mortgage upon personal property including the bay mare Daisy, nine years old, weight 1,200 pounds. Also that the defendant Smith is the owner and holder of liens against this property including one bay mare named Daisy, which are superior to the liens of the plaintiff. Respondent testifies that all the horses and mares described in the complaint and judgment, including the bay mare named Daisy, were worth $1,200. There is no testimony as to the value of the separate animals exclusive of the mare Daisy. In none of the respondent's chattel mortgages is there a description to cover "one bay mare named Daisy, nine years old, weight about 1,200 lbs." The court could not fix the amount of the recovery as there is no proof as to the value of the horses after the elimination of Daisy.

In an action between the owner and lien holder, or two lien holders, the measure of damages, if the value of the property exceeds the sum due upon the lien, is the amount of the lien. The respondent cannot recover by showing merely the amount of his lien, he must show the value of the property alleged to have been converted, which is prima facie the correct measure of damages. Lovejoy v. Merchants State Bank, 5 N. D. 623, 67 N. W. 956; Union Bank of Oshkosh v. Moline, Milburn & Stoddard Co., 7 N. D. 201, 73 N. W. 527.

This not being shown, there is no basis for a recovery against the appellant.

*Morrill & Engerud* and *C. S. Shippy,* for respondent.

Trial by jury is a right in an action at law, and not in a suit in equity. Rider-Wallis Co. v. Fogo, 78 N. W. 767; Klein v. Valerius, 57 N. W. 1112; Hotaling v. Tecumseh Nat'l Bank, 75 N. W. 242; Greenleaf v. Egan, 15 N. W. 254; Marling v. Burlington, C. R. & N. R. Co., 25 N. W. 268; Wilson v. Johnson, 43 N. W. 148; Mc-Cormick v. Phillips, 4 Dak. 506, 34 N. W. 39; Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743; 6 Am. & Eng. Enc. Law (2d Ed.) 975.

No demand was made for a jury trial or the question raised in the trial court. It is now too late for appellant to complain. Lace v. Fixen, 38 N. W. 762; St. Paul Distilling Co. v. Pratt, 47 N. W. 789; Peterson v. Ruhnke, 48 N. W. 786; State v. Craig, 12 N. W. 301; Baird v. Mayor, 74 N. Y. 382.

Appellant asserts that the judgment is indefinite and uncertain, not warranted by the findings or the evidence, and that the findings are not supported by the evidence. Appellant seeks to foreclose a chattel mortgage executed by the defendant. Respondent, with others, are made defendants, and the complaint alleges that they claim to have some lien upon the personal property described in the mortgage superior to that of the appellant. The complaint also alleges that appellant has obtained possession of all of said property. The complaint asks that respondent set forth the nature of his respective claims and liens, and that they be adjudged inferior and subject to the appellant's mortgage. Respondent answered admitting appellant's possession of the property, and asserts that respondent's liens are all prior and superior to the appellant's, and asks for judgment that the amount due thereon be ascertained; that he have judgment against appellant for the amount. The issue was the priority of the respective liens. After ascertaining the priority the court is to determine the amount due each party on their respective liens and render a judgment according to the facts. The possession of the property is admitted to be in the appellant. Appellant at no time offered to turn over the property to respondent; neither has he abandoned possession thereof under its replevin action. The court finds that there was due appellant upon his note and mortgage the sum of $1,739.20. The court finds the value of the property taken by appellant is $1,377.61, and that there is due the respondent on the notes secured by his lien the sum of $1,600. The court finds that appellant is entitled to a decree of foreclosure and sale of the property as well as personal judgment against the

defendant, Crumb; that respondent's liens are superior to appellant's and he is entitled to have the amount of his said liens satisfied from the foreclosure sale. In case appellant fails to proceed with the foreclosure sale and therefrom satisfy the amount due respondent, or so much thereof as the proceeds will satisfy, respondent is to have judgment against appellant for the value of said property, towit: $1,377.61. The judgment is in accordance with these findings and conclusions. It specifies the rights of each party, the amount due appellant as well as respondent. The alternative judgment is not for the full amount of respondent's liens because the value of the property is not as great as the amount due the respondent on his liens. This is in accordance with the decisions of this court. Union Bank of Oshkosh v. Moline, Milburn & Stoddard Co., 7 N. D. 201, 73 N. W. 527; Lovejoy v. Merchants State Bank, 5 N. D. 623, 67 N. W. 956.

MORGAN, C. J. Plaintiff brought this action to foreclose a chattel mortgage upon stock and grain given to it by the defendant Crumb. The defendants L. H. Smith and O. P. Smith are made defendants, as owners of other chattel mortgages upon the stock, and of a seed lien on the grain. The relief prayed for is the foreclosure of the plaintiff's mortgages, and that defendants' lien and mortgages, be declared inferior to plaintiff's lien upon the property. The complaint shows that the plaintiff obtained possession of the property covered by its mortgage, and had possession of the same when this action was commenced. The possession of the horses and grain on which plaintiff and defendants claim first liens was obtained by the plaintiff under an action of replevin brought by it to obtain such possession. The defendant L. H. Smith answered in this action, and specifically set forth his mortgages on the stock and lien on the grain, and asked that such mortgages and seed lien be declared superior and prior to those of plaintiff. The defendant also asked for judgment as follows: "That the amount due this defendant, Leo H. Smith, upon said notes and secured by said chattel mortgages and said seed lien upon said described personal property, may be ascertained by this court, and that the defendant, Leo H. Smith, have judgment against said plaintiff for the amount so ascertained, together with all costs and disbursements of this action. That the lien of plaintiff upon said property, if any it has, be declared and adjudged subsequent and inferior to the liens of the defendant, Leo H. Smith, upon said

property. That the defendant, Leo H. Smith, do have herein such other, further or different relief as to the court may seem just and equitable in the premises." The trial court found that the defendant Leo H. Smith has the prior liens on the property under his mortgages, and that plaintiff's lien is subject thereto. Personal judgment was ordered for the plaintiff against the mortgagor for the amount due on its notes for the sum of $1,739.20. The court found there was due on defendant's notes over the sum of $1,600. The value of the property taken by the plaintiff on which defendant held prior liens to plaintiff's mortgage was found to be $1,377.61. The mortgaged property was ordered sold by the plaintiff under special execution, and the proceeds, to the amount of $1,377.61, applied on defendant's liens; if plaintiff failed to sell the property on special execution under the foreclosure proceedings, that defendant have judgment against plaintiff for the value of the property taken by plaintiff, found to be $1,377.61. Plaintiff has appealed from the judgment, and demands a trial de novo under section 5630, Rev. Codes 1899.

The plaintiff claims that the judgment must be reversed for the reason that it was not given a trial by jury. The contention is that the constitutional provision that "the right of trial by jury shall be secured to all and remain inviolate" (section 7, art. 1) has been violated by an amendment of the law relating to issues triable by a jury, in force when the constitution was adopted. Section 5032, Comp. Laws 1887, in force when the constitution was adopted, reads as follows, so far as applicable to the point: "An issue of fact for the recovery of money only, or of specific real or personal property, must be tried by a jury unless a jury trial be waived as provided in section 5065." As amended after the constitution was adopted, this section reads as follows: "An issue of fact in an action for the recovery of money only * * * must be tried by a jury," etc. It is claimed that the addition of the words, "in an action," is a restriction of the right to a jury trial as it existed when the constitution was adopted, and that the amendment is therefore inoperative and void. The section as it stood before the amendment was, in effect, the same as it now reads. Before these words were added, the section referred to issues of fact in actions of law for the recovery of money only. Issues of fact in equity actions, tried while section 5032, Comp. Laws 1887, was in force, were not triable to a jury as a matter of right.

The practice has always been that issues of fact in equity actions were triable by the court as a matter of right, and, if submitted to a jury, the verdict had no especial force, but was advisory merely. Prondzinski v. Garbutt, 8 N. D. 191, 77 N. W. 1012; Bates v. Gage, 49 Cal. 126; Grim v. Norris, 19 Cal. 140, 79 Am. Dec. 206; La Societe Francaise v. Selheimer, 57 Cal. 623; Am. & Eng. Enc. Law (2d Ed.) vol. 6, p. 975, and cases cited. The case at bar is an action for the foreclosure of a chattel mortgage, and is purely an equitable action.

It is true defendants did not ask for a foreclosure of the mortgage. That is immaterial, as foreclosure was prayed for by plaintiff. Plaintiff had taken possession of the property for that purpose. The court ordered the plaintiff's mortgage foreclosed, and the proceeds applied on defendant's indebtedness from Crumb. The action was therefore an equitable one, tried as such, and plaintiff had no right to a jury trial as a matter of law. Section 5032, Comp. Laws 1887, if now in force, would not entitle plaintiff to a jury trial. As construed in Gull River Lumber Co. v. Keefe, 6 Dak. 160, 41 N. W. 743, no right to a jury trial could be based thereon in an equitable action. The amendment of section 5032, Comp. Laws 1887, now in force as section 5420, Rev. Codes 1899, did not abridge the right to a trial by jury, and such right remains the same as before the amendment. The only reasonable construction of section 5032 is that it referred to issues of fact in an action at law, and that it was not intended to give the right to a jury trial in an equitable action. The plaintiff, having begun an equitable action, had no right to a jury trial as a matter of law.

The trial court found that the defendant's mortgages were prior liens to that of the plaintiff. The plaintiff had taken possession of the mortgaged property, and the court found the value of the property taken possession of to be $1,377.61. The value of the ten horses taken possession of by plaintiff was found to be in the aggregate $1,200. The value was thus found in a lump sum, without any finding as to the value of any of the horses separately. In this valuation of $1,200 was one mare, "Daisy," which was not included in any of defendant's mortgages, although described in plaintiff's mortgage. The value of the mare Daisy is not found. There is no mare included in the defendant's mortgages which can possibly be held to be the mare described as "Daisy." This de-

scription is, "one bay mare named Daisy, nine yrs. old, weight about 1,200 lbs." Plaintiff is liable only for the property taken by him on which defendant held a prior lien. They had no lien or claim upon the mare Daisy. The defendant's mortgages contained no such animal either by name or similar description. There was no evidence to show that the mare Daisy was included in defendant's mortgages. We are, therefore, unable to determine the value of the property taken by plaintiff that was covered by defendant's mortgages.

It is shown that plaintiff took possession of ten horses, but there is no evidence as to what their value was. The plaintiff can be held for the value of those taken by it only. Plaintiff is not responsible to the defendant to the extent of his indebtedness unless the value of the property exceeds the indebtedness. The value of the property taken in the aggregate is less than the sum total of the indebtedness from Crumb to defendant. The value of the property taken, being less than the indebtedness, is the measure of plaintiff's liability. This court cannot, under the evidence, definitely determine the value of the property taken by plaintiff covered by defendant's mortgages. It cannot be determined what the value of the other nine horses taken is, as the value of the ten horses is shown by the evidence as an aggregate sum. There is no presumption that the horses were of equal value, or that the mare Daisy was of no value.

Respondent claims that the evidence shows that the property covered by plaintiff's mortgage is the same that is included in the defendant's mortgages. This claim is based upon the fact that defendant testified that the property in plaintiff's and defendant's mortgages is identical. Such a general statement cannot be held to overcome the written evidence of the mortgages themselves as to what is contained therein. Defendant also claims that one of his mortgages contains a description as follows: "One brown mare, 10 years old, called Nell"—that should be held to describe the mare Daisy. But, without explanation, the description cannot be held to refer to the same animal. There are other objections urged to the judgment, based upon the fact that the valuation of the horses described in the defendant's several mortgages was proven in an aggregate or lump sum. In view of the fact that a new trial must be granted based upon the fact that a part of the judgment is made

up of the value of the mare Daisy, on which defendant had no mortgage, we need not consider these other objections.

It is urged that the evidence shows that defendant's notes were fully paid by Crumb. The evidence on this question is very incomplete, and does not fully cover the issues raised by the pleadings as to payment. Defendant had other notes against Crumb than the ones pleaded, and those notes are the subject of evidence concerning payments made on them. In view of the fact that we find that a new trial should be granted in this case, we will not attempt to make an accounting between Crumb and the defendant under this evidence. O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849.

Plaintiff urges objections against the seed lien offered in evidence by defendant, and insists that such lien is of no force for several reasons. It is not necessary to consider them. We find that the grain on which the seed lien is claimed on the 1901 crop is also covered by one of defendant's chattel mortgages. Hence, if the seed lien be found defective, or if the evidence fails to show that defendants furnished any seed grain, still the defendant is shown to be entitled to the crop for that year under his chattel mortgage. Hence, the final result in this case will not be changed, whatever decision might be reached on the objections raised against the seed lien.

A question is also raised as to whether the execution of the defendant's mortgages was properly proven. As a new trial must be granted because the evidence fails to sustain the judgment for damages for the reason that the value of the horses taken by plaintiff was not shown, the objection will not be considered. If found to be valid, it would only result in finding an additional reason for granting a new trial. The question will not necessarily arise on another trial. The same may be said of the objection to the form of the judgment.

The judgment is reversed, and the cause remanded for further proceedings.

YOUNG, J., concurs. ENGERUD, J., having been of counsel, took no part in the foregoing opinion.