**Frances ELDREDGE, Petitioner,**

v.

**Wallace S. GOURLEY, U. S. District Judge, Respondent.**

No. 74–1771.

United States Court of Appeals, Third Circuit.

Submitted Aug. 12, 1974.

Decided Oct. 4, 1974.

William G. Boyle, Meyer, Unkovic & Scott, Pittsburgh, Pa., for petitioner.

John I. Hook, Jr., Hook & Hook, Waynesburg, Pa., for respondent.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is a petition for a writ of mandamus to set aside a district court order denying the petitioner's demand for a jury trial. The petitioner is the defendant in a civil action pending before the lower court. She owns land in Pennsylvania with the plaintiff in that suit as joint tenants with rights of survivorship.

The plaintiff brought an equitable action in the state court to partition the land in question. Defendant-petitioner removed the case to the district court under the court's diversity jurisdiction. The defendant-petitioner answered the complaint and also set up a counterclaim that is legal in nature, sounding in contract. He alleges that the plaintiff has breached an oral agreement whereby the plaintiff had agreed not to divide the realty and to pay the plaintiff's pro rata share of the acquisition costs for the

realty and other expenses. The defendant-petitioner seeks damages for the alleged breach.

In Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), the Supreme Court found that where a defendant in equitable proceedings had made a legal counterclaim that raised factual issues resolution of which would be determinative of the plaintiff's prayer for equitable relief, the defendant's demand for a jury trial was improperly denied. It further determined that a writ of mandamus is an appropriate means of protecting the right to jury trial. 359 U.S. at 511, 79 S.Ct. 948; *see also*, Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Therefore, unless the district court should conclude as a matter of state law that the counterclaim lacks merit, the defendant-petitioner is entitled to his requested jury trial on the subject matter of the legal counterclaim. It follows that the writ should issue.

In Beacon Theatres, the Court instructed the trial court to conduct a jury trial of the issues raised by the defendant's counterclaim *prior to* consideration of the plaintiff's claim for equitable relief. In granting the defendant's motion for mandamus, the Court noted that its decision would not unduly complicate the litigation, stating:

> Whatever permanent injunctive relief Fox might be entitled to on the basis of the decision in this case could, of course, be given by the court after the jury renders its verdict. In this way the issues between these parties could be settled in one suit . . . .
> 359 U.S. at 508, 79 S.Ct. at 955.

In the instant case, a writ will issue stating that the district court is directed to conduct a jury trial of the issues raised by the defendant-petitioner's counterclaim unless the court first determines that the counterclaim lacks substance as a matter of state law. The writ will direct the district court to dispose of the legal counterclaim of the defendant-petitioner before reaching, if necessary, the equitable claims asserted by the plaintiff.

An appropriate writ will issue.