Margie LANDERS, Plaintiff
and Appellant,

v.

Edmer A. GOETZ and Edmer A. Goetz
Realty Co., Inc., Defendants
and Appellees,

and

Terry Stevens, Richard McClure, and
Ruth McClure, Defendants.

Edmer A. GOETZ and Marlys J. Goetz,
Plaintiffs and Appellees,

v.

Margie LANDERS, Defendant
and Appellant.

Civ. No. 9401.

Supreme Court of North Dakota.

March 2, 1978.

**460**

William R. Mills, Bismarck, for appellant Landers.

Jonathan T. Garaas, of Garaas Law Firm, Fargo, for appellees Goetz and Edmer A. Goetz Realty Co., Inc.

VOGEL, Justice.

This is a consolidated appeal of two actions, which were consolidated in the district court and tried without a jury. The several parties raised questions involving title and possession of three different tracts of real estate in the city of Bismarck. Fortunately for the reader, the only issue before us is the propriety of the denial of a jury trial, and we need not enter into a detailed history of the three tracts of land.

We hold that the denial of the jury trial was error in *Landers v. Goetz,* and we reverse and remand.

### LANDERS v. GOETZ

By complaint dated January 14, 1977, delivered to the sheriff for service on January 18, 1977, Margie Landers commenced an action against Edmer A. Goetz, Terry Stevens, Richard McClure, Ruth McClure, and Edmer A. Goetz Realty Company, Inc. Hereafter, the individual parties will be referred to by their surnames, the corporation will be called Goetz Realty, and the action will be described as *Landers v. Goetz.*

The complaint alleges false representations as to certain real estate transactions. The prayer for relief asks (1) for a determination that the McClures have no title to or in interest in a duplex or a house on Meadow Lane; (2) for judgment against the McClures for $49,180 with interest from October 27, 1976; (3) that if that sum is not paid, the house on Thirty-second Street be sold and the proceeds applied to the debt; (4) that the plaintiff have judgment against all defendants for any balance; (5) that the plaintiff have judgment against all defendants for mental anguish for $25,000; (6) that plaintiff have judgment against all defendants for exemplary damages of $25,-000; and (7) and (8) for such other relief as may be equitable and for costs and disbursements.

It will be noted that the only non-monetary relief sought is for a determination of title to two pieces of property as against the McClures only, and that the remaining claims, which are substantial, are for damages against the other defendants as well as the McClures.

Since only Goetz and Landers are involved in this appeal (and the claims of Stevens are, we are told, in abeyance), we will limit our discussion hereafter to them, to the extent we can.

Goetz served an answer and counterclaim, which he subsequently amended. He sets forth allegedly fraudulent and oppressive actions of Landers, and prays for a dismissal of the complaint, for attorney fees and costs, for $10,000 punitive damages, and for damages of $500 per month until the Meadow Lane property is restored to him, and for such other relief as may be equitable.

To this counterclaim Landers served a reply (although it was denominated an answer), asking that the counterclaim be dismissed, and demanding a jury trial. This is the first and only demand for a jury in the case. It is timely. See Rule 38, N.D.R. Civ.P.

## GOETZ v. LANDERS

On January 20, 1977, Goetz commenced in the county court of increased jurisdiction an action against Landers for forcible detainer of the property on Meadow Lane. It was served on Landers on January 21, two days after the complaint in *Landers v. Goetz* was served on Goetz Realty. The sheriff could not locate Goetz to serve the summons and complaint in *Landers v. Goetz,* and Goetz apparently submitted to jurisdiction by appearance in that case.

Landers answered the forcible-detainer action, *Goetz v. Landers,* setting up a claim of title, and demanded that the action be certified to the district court pursuant to Sections 33–01–05 and 33–01–06, N.D.C.C. The transfer was made.

No demand for jury trial was filed in this action.

## PROCEEDINGS IN DISTRICT COURT

The two actions were apparently consolidated for trial by the district judge upon his own motion. Thereafter, this order was entered in both actions:

"ORDER DENYING JURY TRIAL
"Civil Nos. 25845 and 25934

"The Court on its own motion and pursuant to the motion of Mr. Mills having consolidated the foregoing cases for trial, and the Court further having reviewed file number 25845 and found therein a demand by the plaintiff for a jury trial on the counterclaim, and the Court further finding that civil number 25845 is essentially an action for specific performance of a contract which is an equitable action, triable to the court without a jury, the claim for damages in the cases being essentially cases of law,

"IT IS HEREBY ORDERED THAT such [a] mixture of law and equity exists which would cause great difficulty to a jury and the court in its instructions to such jury, and based upon the precedent established in *CIT Corporation v. Hetland,* 143 N.W.2d 94 (N.D.1966) and the annotation contained at 35 A.L.R.2d 1125, the plaintiff's request for a jury trial is hereby denied and the matter shall be tried to the court.

"Dated this 31st day of March, 1977.
"BY THE COURT:
[Signed]
"Benny A. Graff
"District Judge"

The reference to the annotation at 35 A.L.R.2d 1125 is in error. Perhaps the Court intended to refer to the case of *Garrou v. Teaneck Tryon Co.,* 11 N.J. 294, 94 A.2d 332, 35 A.L.R.2d 1125 (1953), which appears to hold that New Jersey law permits the trial of an injunctive action to the court and allows determination of damages prior to the injunction as incidental to the equitable action. 35 A.L.R.2d at 1131.

The consolidated actions were tried to the court and judgment was entered adverse to Landers, who brought the appeal now before us.

## RIGHT TO A JURY TRIAL

Under the Constitution of North Dakota, Section 7, the right of trial by jury is inviolate, and this right is reiterated in Section 24. The United States Constitution, Article

VII, guarantees the right to trial by jury in all matters where the value in controversy exceeds $20. These rights are repeated in Rule 38, N.D.R.Civ.P.

These provisions preserve the right to a trial by jury in those cases which historically were subject to trial by jury. In the State Constitution, it is the right to the essential incidents of trial by jury as it existed in the Territory of Dakota which remains inviolate. *Power v. Williams,* 53 N.D. 54, 205 N.W. 9 (1925); *Smith v. Kunert,* 17 N.D. 120, 115 N.W. 76 (1908). There is no real difference between the Federal constitutional right and the right under Territorial law, since the latter was the same as the right at common law and under the United States Constitution. *Power v. Williams, supra.* There was no right to a trial by jury in cases which were equitable in nature, even though provided for by statute. *Gull River Lumber Co. v. Keefe,* 6 Dak. 160, 41 N.W. 743 (1889); *Avery Mfg. Co. v. Smith,* 14 N.D. 57, 103 N.W. 410 (1905).

Even though law and equity are now merged, the distinction between cases which are historically equitable and those which were triable in the common-law courts is still of continuing importance in determining whether one is entitled to a jury trial.

An action to quiet title is equitable in nature, and a party is not entitled as of right to a jury trial of such an action. *Bolyea v. First Presbyterian Church of Wilton, N. D.,* 196 N.W.2d 149 (N.D.1972).

The problem of deciding when a party is entitled to a jury trial is complicated when the pleadings seek relief which is partly legal and partly equitable, as it often is, under the liberal rules of pleading which allow multiple and inconsistent claims and defenses. See Rule 8(a) and (e)(2), N.D.R. Civ.P. In such cases the courts have evolved rules which provide some guidance in the making of the decision as to the right to a jury trial. In an equitable action the bringing in of a third party whose claim is legal in nature entitles the third party to a jury trial. *First Nat. Bank of Dickinson v. Kling,* 65 N.D. 264, 257 N.W.2d 631 (1934). Where the complaint prays for both legal and equitable relief and the former alone is warranted by the facts pleaded, it is error to deny the defendant's demand for trial by jury. *Kilgore v. Farmers Union Oil Co.,* 74 N.D. 640, 24 N.W.2d 26 (1946). Where a complaint demanded equitable relief only, but the defendant knew that equitable relief was impossible and only legal relief could be granted, the defendant waived his right to jury trial by not demanding it. *Ziebarth v. Kalenze,* 238 N.W.2d 261 (N.D. 1976). Where an equitable action was commenced by the plaintiff, and the defendant admitted the facts alleged in the complaint and asserted legal counterclaims, only issues at law remained, and the defendant was entitled to a jury trial. *Lehman v. Coulter,* 40 N.D. 177, 168 N.W. 724 (1918).

In the case before us, the fact that two cases were consolidated for trial has no bearing on the right to a jury trial in one of them. If one party is entitled to a jury trial in one case, that right is not lost when the case is consolidated with another for trial.

In *Landers v. Goetz,* Item (1) of the prayer for relief is equivalent to the prayer of an action to quiet title, but only as to the McClures. The remainder of the prayer for relief, which is not merely incidental, and is the only part which applies to Goetz and the other defendants, is strictly a claim for money damages, which would ordinarily entitle any party to a jury trial if demanded. However, none was demanded in the complaint or in the answer and counterclaim. But when Goetz not only answered, setting forth a basis for dismissal of the complaint, but also counterclaimed, setting forth a claim for money damages, his counterclaim asked for relief which was strictly legal, as opposed to equitable, and entitled either party to demand a trial by jury as of right. Suits for damages are suits for legal relief.

The counterclaim interposed by Goetz was probably one which he was required to

interpose, under the compulsory counterclaim provisions of Rule 13(a), N.D.R.Civ.P., since it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ." and does not require jurisdiction over third parties not amenable to the jurisdiction of the court. *Leo Lumber Co. v. Williams,* 191 N.W.2d 573 (N.D.1971).

■ The fact that the counterclaim is compulsory does not affect the right of the parties to a trial by jury. Rule 13, F.R. Civ.P., from which our rule was adopted, has been frequently construed on this point and is uniformly held to provide that a compulsory counterclaim, raising legal issues only, entitles *either* party to a jury trial upon demand. *Beacon Theaters v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Other cases are collected in the annotation at 17 A.L.R.3d 1342.

We therefore hold that Landers was entitled to a jury trial of the issues raised by the counterclaim upon her timely demand. The demand was timely, since it was made as part of a responsive pleading. Rule 38(b), N.D.R.Civ.P.

■ That the issues are complex, or allegedly incomprehensible to a jury, or that the trial will be long and tedious, is not sufficient reason to deny a jury trial to a litigant who is entitled to it under the Constitution. We presume that there were long and tedious and difficult cases in Colonial and Territorial days, too, but jury trials were never denied for that reason and should not be denied now. See *Broderick v. American General Corporation,* 71 F.2d 864 (4th Cir. 1934), 94 A.L.R. 1359.

The opinion of this court in *C.I.T. Corporation v. Hetland,* 143 N.W.2d 94 (N.D. 1966), upon which the trial court relied in denying a jury trial, is not contrary to the views we have expressed in this opinion. In that case we said that the complaint was ". . . in form a complaint for the foreclosure of a lien. It is true that there is a demand for a money judgment, but that is true in the foreclosure of a lien. The complaint alleges that the holder of

the contract has the election to seize, take, and sell the property described in the manner provided by law. The complaint then prays that the amount found to be due be decreed to be a valid lien upon the property described in the contract.

"We believe that the trial court correctly ruled that this was an equitable action, triable to the court without a jury." 143 N.W.2d 94 at 101.

We hold that the trial court erred in denying to Landers a jury trial on the issues raised in the Goetz counterclaim in *Landers v. Goetz.*

■ A difficult problem now arises in disposing of the other issues involved in the two cases. It is the general rule that legal issues entitling a party to a jury trial should be tried to the jury prior to the disposition of the equitable issues triable to the court. Whenever the issues are so interrelated that a decision in the nonjury portion might affect the decision of the jury portion, the jury portion is to be tried first, since otherwise the party entitled to the jury trial would be deprived of part or all of his right to a jury trial. *Westview Community Cemetery of Pompano Beach v. Lewis,* 293 So.2d 373 (Fla.App.1974); *Eldredge v. Gourley,* 505 F.2d 769 (3d Cir. 1974); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

The judgment on the issues raised in the Goetz counterclaim must be set aside for reasons we have stated. It appears to us that these issues, which are for the jury, may be determinative in whole or in part of the issues raised in the complaint, which also were decided by the court. We therefore reverse the entire judgment and remand the case for further proceedings, either by separate trial first on the jury issues, followed by determination of equitable issues remaining, if any, or by submission of all issues to the jury if the parties so stipulate.

As to *Goetz v. Landers,* we cannot be sure whether, or how much, the decision was affected by the determination of issues which should have been submitted to the

jury in the other case. At any rate, in *Goetz v. Landers,* the result is probably dependent in part upon the issue of title in dispute between the McClures and Landers in the other action. *Goetz v. Landers* was commenced later than *Landers v. Goetz* and, as is pointed out by the attorney for Landers in her pleadings, could not be appropriately decided until the issues in *Landers v. Goetz* were decided. We therefore reverse the judgment in *Goetz v. Landers* and remand the case to the trial court for redetermination after the issues in *Landers v. Goetz* have been decided.

Both judgments are reversed and the cases are remanded to the district court for further proceedings consistent with this opinion.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.