## William Tipton v. The People of the State of Illinois.

1. INTOXICATING LIQUORS—*Construction of Statute.*—Sec. 1 of the act to regulate the sale of intoxicating liquors outside the incorporated limits of cities, towns and villages, approved May 4, 1887, in its plain meaning and intent is to prohibit the sale of such liquors outside the limits of cities, towns or villages, in less quantities than five gallons, except in the original package as put up by the manufacturers, and each package must contain five gallons or more.

Memorandum.—Indictment for unlawfully selling intoxicating liquors. Appeal from the Circuit Court of Clay County; the Hon. CARROLL C.

BOGGS, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

GERSHOM A. HOFF and ALONZO HOFF, attorneys for the appellant.

H. W. SHRINER, state's attorney, for the people.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellant was indicted for and tried and convicted of violating the provisions of Sec. 1, Chap. 43, 3d Starr & Curt. Stat. 237. The indictment contained two counts. Defendant filed his motion to quash both. The court quashed the second count and overruled the motion as to the first, which charged defendant, not then and there having a legal license to keep a dram shop, with selling intoxicating liquors in less quantity than five gallons, and not in the original package as put up by the manufacturer, and the said place where said intoxicating liquor was sold, not then and there being within the incorporated limits of any city, town or village.

The cause was tried by a jury and the people introduced a witness by whose testimony it was proved that appellant sold him intoxicating liquor in less quantity than five gallons, and not in the original package as put up by the manufacturer, and that said sale was so made in Clay county, Illinois, at a place not within the incorporated limits of any city, town or village. No other evidence was introduced. The jury found defendant guilty as charged in said first count, and the court sentenced defendant to pay a fine of $50, and entered judgment against him for the amount of fine and costs. The only question in the case is, what construction should be given said Sec. 1? It is in the following language:

"Whoever shall, outside of the incorporated limits of any city, town or village, by himself or another, either as principal, clerk or servant, directly or indirectly, sell, barter or

exchange, or in any manner dispose of, for money or anything of value, any intoxicating liquor of any kind, in any less quantity than five gallons, and in the original package as put up by the manufacturer, shall, for each offense, be fined," etc.

On behalf of appellant it is contended that to constitute an offense in violation of the provisions of this section, when they are properly construed, and warrant the conviction of a person indicted for such violation, it is essential to allege in the indictment, and prove that the intoxicating liquor sold by defendant, was, when sold, *in the original package* as put up by the manufacturer. Hence, the allegation in said first count being that the intoxicating liquor when sold by defendant *was not* in such original package, no offense was charged; the court erred in refusing to quash that count, and the conviction of appellant was unlawful. In the case of Jackson v. The People, 36 App. Ct. Rep. 88, we give our construction of this section and the reasons supporting that construction, and hold that its plain meaning and intent is to prohibit the sale of intoxicating liquor outside of the limits of a city, town or village, in less quantities than five gallons, except in the original package as put up by the manufacturer, and such package must contain five gallons or more. We are entirely satisfied with the conclusion reached by us and the reasons given in that case, and shall adhere to the opinion therein expressed until advised to the contrary by our Supreme Court. In this case we hold said first count in apt words charged a violation of said section by appellant; that the evidence established his guilt, and that he was lawfully convicted of the offense charged. The judgment is affirmed.