## WILLIAM TIPTON

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon May 10, 1895.*

INTOXICATING LIQUORS—*sale outside of corporate limits—act of May 4, 1887, construed.* The prohibition against the sale of liquor outside of incorporated cities, towns and villages, (sec. 1 of act of May 4, 1887; 3 Starr & Curtis, 494;) "in any less quantity than five gallons, *and* in the original packages," is not directed against sales in the original packages, only, but extends to all sales of less than five gallons.

*Tipton* v. *People,* 52 Ill. App. 512, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Clay county; the Hon. C. C. BOGGS, Judge, presiding.

156—16

GRESHOM A. HOFF, and ALONZO HOFF, for plaintiff in error.

H. W. SHRINER, State's Attorney, for People.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This was an indictment, consisting of two counts, against plaintiff in error, charging him with selling intoxicating liquors contrary to law. The first count alleges that William Tipton, on the third day of July, 1892, within the county of Clay and State of Illinois, not having a license to keep a dram-shop, did then and there sell intoxicating liquors in less quantity than five gallons, and not in the original packages as put up by the manufacturer, and that the place where the sale was made was not within the corporate limits of any city, town or village. The defendant filed his motion to quash the indictment and each count thereof. The motion was sustained as to the second count. The case being tried upon the first count, defendant was found guilty. On appeal the Appellate Court affirmed the judgment of the circuit court.

The only question presented upon this appeal is the proper construction to be given section 1 of the act of May 4, 1887. (3 Starr & Curtis' Stat. 494.) That section is in this language: "Whoever shall, outside of the corporate limits of any city, town or village, by himself or another, either as principal, clerk or servant, directly or indirectly sell, barter or exchange, or in any manner dispose of, for money or anything of value, any intoxicating liquors, of any kind, in any less quantity than five gallons, and in the original packages put up by the manufacturer, shall, for each offense, be fined," etc.

It is contended on behalf of plaintiff in error that this statute is directed against the sale of liquors in original packages in less quantities than five gallons,—that is to

say, it does not unqualifiedly prohibit sales of less than five gallons, but only in the original packages as put up by the manufacturer. This construction assumes that in the passage of this act the legislature intended to permit the sale of any intoxicating drink outside of the corporate limits of any city, town or village by the gill, half pint, or in any other quantity less than five gallons, provided, only, such sales are not made in original packages, and this notwithstanding the statute then in force absolutely prohibited all sales of intoxicating liquors in this State without a license in less quantities than one gallon, or in any quantity to be drank upon the premises, etc. (Rev. Stat. sec. 2, chap. 43; 1 Starr & Curtis, 966.) This construction is not consistent with reason, and could only be adopted upon the clearest manifestation by the act that such was the legislative intent.

It is said the passage of the statute was prompted by the decision of the Supreme Court of the United States in the *Original Package cases* from Kansas, and the subsequent act of Congress restricting the sale of liquors in original packages, and therefore it is inferred that our statute is also an act limiting the right to sell in original packages. There is nothing here to show that the legislature was moved to act, in the passage of this law, by anything decided in the Kansas *Original Package cases* or legislation by Congress; but if there was, it could not be fairly inferred, in the face of the plain language of section 1, *supra,* that it did not, in regulating sales in original packages, intend to prohibit all sales of less than five gallons, except such as should be made in original packages. We concur in the construction given this statute by the Appellate Court for the Fourth District in this case. See 52 Ill. App. 512, following *Jackson* v. *People,* 36 id. 88.

It is said this construction gives a wrong meaning to the "and" in the clause, "and in the original packages," etc. We do not think so. Its proper and commonly ac-

cepted meaning, as used, is, in addition to, viz., in addition to the prohibition against sales even in that quantity, except in original packages as put up by the manufacturer. And again, the construction contended for by counsel for plaintiff in error ignores the word entirely, —gives it no meaning, but treats it as mere surplusage, whereas the rule is, that in construing laws, as well as all instruments in writing, some meaning must be given to each word, if it can be done.

The judgment of the Appellate Court is right, and will be affirmed.

*Judgment affirmed.*