# McCAULL-WEBSTER ELEVATOR COMPANY, a Corporation, Appellant, v. E. W. ADAMS, Respondent.

### (L.R.A.1918D, 1036, 167 N. W. 330.)

**Materialman — materials furnished by — to owner of land — to be used on certain land — lien — may be perfected against such land — even though material is diverted — used on other land.**

1. Where a materialman furnishes material to the owner of a certain tract of land with the agreement and understanding that the material is to be used upon such land, the materialman has a right to a lien, and may perfect a lien, against the land for which the material was furnished, even though the owner of the land divert the material, and the same is used upon a tract of land different from that for which the material was furnished under the agreement and understanding.

**Materialman — furnishing materials to owner of certain land — same to be used on such specific land — agreement — is entitled to lien on land mentioned — not required to trace material — diversion of materials — by landowner — appropriated to different use — right to lien not affected.**

2. Where a materialman furnishes material to be used upon a certain tract of land, he is not required to follow or trace such material and see that it is used upon the land for which it is furnished. If the purchaser of such material, after receiving the same, diverts it and uses such material, or permits it to be used, upon a different tract of land from that for which it was purchased, such diversion does not preclude the right of the materialman to perfect a lien against the land for which such material was furnished.

---

NOTE.—On the question as to whether materials furnished for structure but not actually used therein is basis of a mechanic's lien, see note in 31 L.R.A.(N.S.) 746, and L.R.A.1918D, 1041, where it is held that actual use is not essential to a lien for material furnished in good faith for the improvement of realty.

On the question of right to mechanic's lien for material furnished to be used, but not in fact used, see note in 64 Am. Dec. 678.

**Materialman — lien of — for materials furnished — right extends to land as well as to structure — agreement as to use of material — on certain lands — violation of — diversion and different use — does not defeat lien on such land.**

3. A materialman who furnishes material to improve certain land not only has a lien upon the building or improvement, but also has a lien upon the land in addition to the lien upon the improvement, and may have a lien upon the land even though the material is not used in making the improvement for which it was furnished and purchased, and even though the material be diverted by the purchaser and used upon other land than that. to improve which the material was purchased and furnished.

Opinion filed February 9, 1918. On rehearing April 2, 1918.

Appeal from the judgment of the District Court of Hettinger County, Honorable *W. C. Crawford,* Judge.

Judgment modified.

*Thomas H. Pugh* and *Otto Thress,* for appellant.

Where the errors of which complaint is made appear upon the face of the record and judgment roll, no statement of the case is required to be settled, nor is any statement of the case necessary. Comp. Laws 1913, § 7842; Brown v. Skotland, 12 N. D. 445, 97 N. W. 543; Brandenberg v. Phillips, 18 N. D. 200, 119 N. W. 542; Savold v. Baldwin, 27 N. D. 342, 146 N. W. 544.

Our statute gives to a materialman who furnishes materials for a building agreed to be erected upon certain specified land, to the owner thereof, the right to a lien, not only upon the structure, but upon the land itself. If the landowner to whom was furnished such materials for such specific purpose diverts the materials, and uses them to construct a building or to make improvements on other land, the materialman has the right to claim and to perfect a lien upon the land originally intended to be improved by the use of the materials so furnished, and the law does not require him to trace such materials. Comp. Laws 1913, § 6814; Pittsburgh Plate Glass Co. v. Leary (S. D.) 31 L.R.A. (N.S.) 746, 126 N. W. 271; S. D. Code 1903, § 696; Small v. Foley (Colo.) 47 P. 64; Salzer Lumber Co. v. Lindemeier (Colo.) 131 Pac. 442; Rice v. Cassels, 48 Colo. 73, 108 Pac. 1001.

If the material in a given case be delivered into the physical possession of the owner, it seems clear that no court would hold that his failure

to deliver the same upon the premises would affect the right of the materialman. A rule requiring the materialman to follow the material to the premises would impose upon him an unnecessary burden and result in no benefit to the owner.

Thompson-McDonald Lumber Co. v. Morawetz (Minn.) L.R.A. 1915E, 302, 14 N. W. 301.

"In the ordinary understanding of the terms, furnish for the erection of, etc., the furnishing of the material is complete when it is sold and delivered for the purpose of the erection." Johnson v. Northwestern Telephone Exch. Co. (Minn.) 51 N. W. 224; Berger v. Turnblad (Minn.) 107 N. W. 53; Lamoreau v. Andersch (Minn.) L.R.A. 1915D, 204, 150 N. W. 908; Minneapolis Sash & Door Co. v. Hedden (Minn.) 154 N. W. 511, 20 Am. & Eng. Enc. Law, 2d ed. 347; Burns v. Sewell (Minn.) 51 N. W. 224.

Such acts alone, on the part of the materialman, give to the landowner complete ownership of and control over the materials, and he cannot defeat the right of lien. Trammel v. Mount, 68 Tex. 210, 2 Am. St. Rep. 479, 4 S. W. 377.

It is not necessary that the materials be actually used in the construction of the particular building. Hobson v. Townsend (Iowa) 102 N. W. 413; Frudden Lumber Co. v. Kinnan (Iowa) 90 N. W. 515; Lee v. Hoyt (Iowa) 70 N. W. 95; Bell v. Mecum (N. J. L.) 127 Am. St. Rep. 809, 68 Atl. 149; Schlosser v. Moore, 16 N. D. 185, 31 L.R.A. (N.S.) 746, 112 N. W. 78.

*Jacobsen & Murray,* for respondent.

A mechanic's lien depends upon the existence of certain facts, such as the making of a just and true account of the demand due, after allowing all credits and containing a correct description of the property to be charged with such lien and verified by affidavit. No such facts are found to exist. Comp. Laws 1913, § 6820.

"Findings are sufficient which show the facts essential to the support of the judgment. But the court must ascertain such facts as the particular statute requires, and the findings must show the existence of the conditions which, under the statute, justify the conclusion of the validity of the lien claimed." 27 Cyc. 425, subd. 2, ¶ 7; 38 Cyc. 1964, ¶ 5; 1980, ¶ b.

Ultimate facts, and not conclusions, constitute findings of fact.   38 Cyc. 1980.

Conclusions of law cannot be employed to supply defects or omissions in the findings of fact.   38 Cyc. 1978, 1979, ¶ 3; Dillon Imp. Co. v. Cleaveland (Utah) 88 Pac. 670.

"The findings of the court must cover so much of the issues raised by the pleadings as will sustain the judgment."   Coshise County v. Cooper Queen Consol. Min. Co. (Ariz.) 71 Pac. 946; Ganow v. Denney (Neb.) 94 N. W. 959; Kane v. Rippey (Or.) 29 Pac. 1005.

"It must affirmatively appear from the complaint in a suit to foreclose a mechanic's or laborer's lien, that the notice filed contained all the essential provisions required by statute."   Pilz v. Killingsworth (Or.) 26 Pac. 305; 27 Cyc. 386; 38 Cyc. 1987, note 887.

If there is no lien on the improvement certainly there is no lien on the premises or land, because under the statute a lien on the improvement is a condition precedent to a lien on the land.   Comp. Laws 1913, § 6814.

Our mechanic's lien law has been strictly construed in all its phases, and a strict compliance with all its provisions is necessary to enable one to claim benefits thereunder.   Stinson Mill Co. v. Los Angeles Traction Co. (Cal.) 74 Pac. 357; Silvester v. Coe Quartz Mine Co. (Cal.) 22 Pac. 217; Bewick v. Muir (Cal.) 23 Pac. 390; Roebling Sons Co. v. Bear Valley Irrig. Co. (Cal.) 34 Pac. 80; Hamilton v. Delhi Min. Co. (Cal.) 50 Pac. 378; 3 Kerr's Cyc. Codes of Cal. Civ. Code, pt. 2, p. 1681, notes 63 to 65 incl.

The findings must show that the materials were used on the premises. Kerr's Cyc. Codes of Cal. § 1183, p. 1673, supra; Bewick v. Muir, supra; Silvester v. Coe Quartz Mine Co. supra; 27 Cyc. 46.

GRACE, J.   This appeal is one taken from the judgment rendered in the action.

The material facts are briefly as follows:   About September 1, 1912, the plaintiff was engaged in the lumber business at Regent, Hettinger county, North Dakota.   The defendant was the owner of the west half of the northeast quarter and the southeast quarter of the northeast quarter of section 28, township 135, range 96, in Hettinger county, North Dakota.   On or about September 1st, plaintiff and defendant entered

into a contract whereby the plaintiff agreed to furnish to the defendant fence posts and fence wire to be used for fencing the premises above described. Between September 3 and 5, 1912, plaintiff delivered to the defendant said posts and wire of the value of $189.74. Within ninety days after furnishing the said posts and wire, and on December 3, 1912, the plaintiff made and filed its claim of mechanic's lien for said posts and wire upon the above-described premises. The plaintiff before filing such lien made a legal demand in writing for the payment of the account. Statutory notice of intention to foreclose the lien was duly served on the defendant, after which the action was commenced to foreclose such lien.

The complaint was in the ordinary and usual form for the foreclosure of a mechanic's lien. The defendant interposed a general denial. It was proved upon the trial of the case that the defendant did not use the material in building the fence provided for by the agreement, nor for the improvement of the premises aforesaid. The plaintiff did not consent to, and had no knowledge of, the diversion of such material. The plaintiff sold and furnished the defendant the material, not relying on the personal credit of the defendant, but relying upon the credit of the real estate. The material which was sold the defendant was used to build a fence upon a tract of land, not belonging to the defendant, but belonging to the defendant's wife.

That part of the judgment which is appealed from is as follows: "It is further ordered that, certain mechanic's lien filed and claimed by the plaintiff against the defendant and the following real estate, to wit: Northeast quarter of section 28, township 135, north of range 96, be, and the same hereby is, declared to be null and void, and of no force and effect, and that the same be canceled of record."

The appellant makes five assignments of error, all of which may be considered together. They are as follows: The court erred in its second conclusion of law. The court erred in concluding as a matter of law that the mechanic's lien is null and void. The court erred in holding and adjudging the mechanic's lien as null and void. The court erred in ordering and adjudging that the mechanic's lien be canceled of record. The court erred in awarding the defendant any relief whatever.

The defendant claims that part of the judgment appealed from

should be affirmed for two reasons: First, the findings of fact failed to show that the plaintiff filed with the clerk a verified account as required by statute. Second, that the findings show that the material was not actually used as an improvement on the premises. The disposition of these two questions will dispose of this case.

Section 6814, Comp Laws 1913, describes what persons are entitled to a mechanic's lien, and for what purposes. The section is too long to set out at length, and suffice it to say that such section in substance provides that any person who shall furnish any labor upon, or furnish any materials, machinery, or fixtures for the construction or repair of any work of internal, or for the erection, alteration, or repair of any building or other structure upon lands or in making any other improvements thereon, including fences, etc., upon compliance with the requirements of law, shall have for his labor done or materials, fixtures, or machinery furnished a lien upon such building, erection, or improvement, and upon the land belonging to such owner on which the same is situated, or to improve which said work was done or the thing furnished, to secure the payment for such labor, machinery, material, or fixtures, etc. The section under consideration contains certain requirements with which the lienor must comply in order to procure a mechanic's lien. The lienor is required to keep an itemized account of the material or labor separate and apart from all other items of account against the purchaser. He must make a written demand in accordance with law for the payment of such account, prior to the filing of the lien. There are several other provisions of the section under consideration which have no bearing on this case.

The respondent claims the appellant not having brought up the testimony in the case to this court, and the appellant depending entirely upon the face of the record for reversal, that if the findings of fact do not show the plaintiff is not entitled to a foreclosure of the lien, his appeal must fail.

Adverting to respondent's first contention, that the findings of fact fail to show that the appellant filed with the clerk a verified account as required by statute, we are of the opinion that such contention is without substantial merit. We are of the opinion that the findings of fact made by the court show the filing of the mechanic's lien. The court's finding of fact upon this is as follows: "That within ninety days after

furnishing the last item of material the plaintiff made and filed in the office of the clerk of this court its mechanic's lien, claiming a mechanic's lien against the above-described premises." The respondent claims that this is a mere conclusion of law, and not a statement of fact. We do not agree with this contention. It is true that, in the filing of a mechanic's lien, there must be an itemized statement of the account attached to the claim of lien, and there must also be a verification of the claim of the lien. A compliance with these requirements would have to exist before the lien could be filed. If there was no compliance with these requirements there would be no lien or proper claim of lien. Hence, when the court found as a fact that the plaintiff made and filed in the office of the clerk of court a mechanic's lien, it found that all the requirements of a mechanic's lien had been complied with, otherwise it would not have found it to be a mechanic's lien. It was not necessary for the court in its findings of fact to set out and show that each of the steps and requirements of law leading up to the acquiring and perfection of a mechanic's lien were complied with. This would be a cumbersome and unnecessary manner of stating the facts. When the court found that the plaintiff had made and filed its mechanic's lien it must have done so with full knowledge before it that all of the requirements of law in regard to perfecting a mechanic's lien had been complied with. And the statement that the plaintiff had made and filed its mechanic's lien is therefore a statement of fact, and not a conclusion of law. The court found as a fact that the plaintiff had made and filed its mechanic's lien. The plaintiff either made and filed a mechanic's lien or it did not do so. The court found that it did, and its doing so disposes of this question.

The second contention of the respondent is that the material not being used for an improvement on the premises for which it was purchased to be used, there can be no lien upon such premises, that is, upon the land where such fence was to have been constructed. We cannot agree with this contention of the respondent, and are of the opinion that, notwithstanding the fact that the material purchased was not used upon the premises where it was agreed at the time of the purchase of such material it should be used, nevertheless the land upon which such material was purchased to be used is subject to a lien for the purchase price of such material, whether the same is used thereon or not.

Section 6814 provides that the person claiming a mechanic's lien "shall upon compliance with the provisions of this chapter have for his labor done or materials, fixtures or machinery furnished a lien upon such building, erection or improvement, and upon the land belonging to such owner, on which the same is situated, or to improve which said work was done, or the things furnished, to secure the payment for such labor, machinery, material or fixtures."

This language contemplates not only a lien upon the building, erection, or improvement, but in addition thereto a lien upon the land where such improvement is situated, or the land to improve which the work was done, or the material furnished. The word "and" in the language above quoted is not used in an explanatory sense, but means and expresses the relation of addition. It is used as a co-ordinate conjunction, and signifies that the person claiming the lien shall have a lien upon the building, erection, or improvement, and in addition to a lien upon them he also has a further or additional lien upon the land upon which the improvement is situated, or to improve which said labor was done or material furnished. And in this case not only has the plaintiff who claims the lien a lawful right to claim it against the building or improvement, but in addition thereto and separate and apart therefrom, there is the additional right existing to claim it against the land. Words & Phrases contains several cases illustrating the use of the word "and," among which is the case of LaSalle v. Kostka, 190 Ill. 130, 60 N. E. 72. Another case found in Words & Phrases is Tipton v. People, 156 Ill. 241, 40 N. E. 838. The rule laid down in such case is that the word "and" commonly means "in addition to." So, in the case at bar, the word "and" in the section we are considering means that, in addition to the lien upon the building, one who complies with the law in reference to filing a lien for material furnished for such buildings, or which was furnished to improve a certain tract of land, in addition to a right to a lien upon the building, has a right to a lien upon the land, for which the material was furnished to improve, or which was improved by the material furnished, and this right to a lien upon the land is a complete right in itself and may exist whether the material was actually used upon the land it was agreed to be used, or used upon other land than that agreed upon at the time of the purchase thereof, it being made to appear that the material was purchased, agreed to be used, and was

furnished, for the improvement of land upon which the lien is claimed. It would be a strange and unreasonable construction to put upon such section to construe it to mean that the person who sells the material to another to be used upon a certain tract of land must follow the material and see that it is used upon that land. Such a construction would almost, if not wholly, necessitate the seller of such material not only following the material to the premises upon which it is to be used, but to remain upon the premises and see that it was used in the building to be constructed or the improvement to be made, for if a materialman sold posts and wire to another to build a fence around a tract of land and delivered the posts and wire to him, and after the intervening of several weeks or months went out to the premises and found the premises fenced, such materialman could not then positively show that the material used in building such fence was the same as he sold unless he had placed a secret mark of some kind upon such material. For instance, supposing A and B each owned a section of land and each made a contract with C for sufficient posts and wire of the same kind and quality with which to fence each of their respective sections of land; and supposing, further, that A and B came in at or about the same time and each hauled out the wire and posts necessary to fence his respective section, and after each had gotten all the material home they exchanged material so that A took and fenced his land with the material sold to B, and B did likewise with the materials sold to A. It is thus clear that the wire and posts purchased by A to improve his land was used upon B's land, and that purchased by B was used upon A's land, so that in either case the material purchased was not used upon the premises which it was agreed it should have been used. Under such circumstances, would it be reasonable to claim that the materialman should not have a lien upon A's section of land for the material which he sold him to improve it, and likewise with B? Surely not. To construe this section which we are considering so as to give its language a natural meaning and to effectuate the intention of the parties is a proper rule to govern. It is clear, therefore, that where one furnishes the material to improve a certain tract of land, the description of which is known to both parties and is the land included in their agreement to improve which such material was purchased by the owner of such land and was furnished to him by the materialman with the understanding and agree-

ment that it should be used to improve such land, the land is subject to a lien whether the improvement is constructed thereon or not, and it is no part of the business or duty of the materialman to follow the material and see that it is used upon the land for which it was furnished and purchased to improve. The findings of fact in this case by the court set forth "that at the time the plaintiff and defendant entered into the contract as aforesaid, and this plaintiff did furnish the material as aforesaid, the defendant was the owner of, and in possession of, said premises, to wit, northeast quarter of section 28, township 135, range 96; that the plaintiff sold and furnished to the defendant the material as aforesaid in reliance on the credit of the real estate of the defendant, and not in reliance on the personal credit of the defendant. That the plaintiff did not consent, and had no knowledge of such diversion. That the defendant did not use the material furnished by the plaintiff for the improvement of the premises aforesaid."

The point at issue in this case was directly presented and decided in the case of State Loan Co. v. Whiteearth Coal Min. Brick & Tile Co. 34 N. D. 101, 157 N. W. 834. That case and the authority therein cited amply sustain our position in this case. The question is no longer an open one in this state.

By reason of what we have heretofore said, we hold the plaintiff is entitled to a lien upon the northeast quarter of section 28, township 135, range 96, to improve which the material was furnished, and that it was reversible error in the court to adjudge plaintiff's mechanic's lien null and void, and order its cancelation and satisfaction of record. However, as there is no dispute but what the plaintiff furnished the defendant the material to the value as claimed, and filed a mechanic's lien against the land of the plaintiff to secure the value of such material furnished, and all the legal questions being disposed of in this case, it is not necessary to grant a new trial. To do so could only result in a waste of time and the adding of more expense. The plaintiff was clearly entitled to his lien. Hence, we are of the opinion that that part of the judgment appealed from should be modified.

The judgment appealed from is modified, and it is held by this court that the mechanic's lien made and filed by the plaintiff and claimed by him to be a mechanic's lien is in fact a mechanic's lien, and plaintiff is entitled to foreclose the same. Costs to be taxed in favor of appellant.

ROBINSON, J. I concur in result.

## On Denying Petition for Rehearing.

PER CURIAM. The former opinion decided all the questions presented and argued by the respective counsel. In a petition for rehearing, respondent attempts to raise two new questions. He contends: 1. That the appeal should be dismissed because plaintiff appealed from a part of the judgment; and (2) that the findings of fact fail to show that, prior to the commencement of the action, ten days' written notice of plaintiff's intention to foreclose the mechanic's lien was given to the record owner of the real property as required by § 6825, Comp. Laws 1913.

It is proper to state at the outset that counsel ought not to present their lawsuits piecemeal, as respondent's counsel has attempted to do in this case. The propositions now presented clearly should have been raised before the former decision was handed down. Not only so, but the motion to dismiss the appeal should have been made as soon as possible and before the submission of the case on its merits. 4 C. J. 594 et seq.

We are agreed, however, that there is no merit in either of the questions now presented.

Respondent asserts that there can be no appeal from a part of a judgment, and cites Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129, and Hoellinger v. Hoellinger, 38 N. D. 636, 166 N. W. 519.

The cases cited are not in point. In those cases the appellant appealed from, and sought to obtain a trial *de novo* in the supreme court of, a part of a judgment. The question involved in those cases was not whether a party may appeal from a part of a judgment, but whether a party may appeal from a part of a judgment and obtain a trial *de novo* in the supreme court of a part of the case.

In the case at bar the evidence has not been transmitted to this court. The appellant has not asked for a trial anew of the case or of any queston of fact therein. Appellant concedes that the findings are correct, and merely challenges the conclusions of law drawn by the trial court therefrom.

That in some cases an appeal may be taken from a part of a judgment is expressly recognized by § 7821, Comp. Laws 1913.

So far as the second point is concerned, respondent's contention is equally untenable. The trial court found that the material was fur-

nished under an agreement between plaintiff and defendant, and that defendant was the owner of the premises when the agreement was made and the material furnished. It is presumed that a thing once found to exist continues as long as is usual with things of that nature, and that the law has been obeyed. Comp. Laws 1913, § 7936, subds. 32 and 33.

Rehearing denied.