(No. 12848.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAX FENSKY, Plaintiff in Error.

*Opinion filed December 17, 1919.*

1. CRIMINAL LAW—*what necessary to authorize direct review by the Supreme Court of conviction for misdemeanor.* The Supreme Court has no jurisdiction to entertain a writ of error to the trial court to review a conviction for misdemeanor prosecuted by information unless a constitutional question was raised in the lower court and is involved for decision in the Supreme Court.

2. APPEALS AND ERRORS—*Supreme Court will not take jurisdiction to review constitutional question previously decided.* Where a constitutional question has been previously decided by the Supreme Court it will not entertain an appeal or writ of error for the purpose of again raising the same question.

WRIT OF ERROR to the County Court of DuPage county; the Hon. FRANK E. SHOPEN, Judge, presiding.

CHARLES E. ERBSTEIN, (ZACK C. HOFFHEIMER, and CAMERON LATTER, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES W. HADLEY, State's Attorney, and FLOYD E. BRITTON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Max Fensky was charged by information filed by the State's attorney in the county court of DuPage county with selling intoxicating liquors in said county in violation of section 1 of the act of 1887 prohibiting the sale of intoxicating liquors outside of incorporated cities, villages and towns "in any less quantity than five gallons and in the original package as put up by the manufacturer." (Hurd's Stat. 1917, chap. 43, par. 16.) The penalty provided for the violation of the statute is a fine of not less than $50 for each offense, or imprisonment in the county jail not less than thirty nor more than ninety days, or both, in the dis-

cretion of the court. The information contained twelve counts in substantially identical language, except the sales were charged to have been made on different dates. Each count charged that the defendant, outside the incorporated limits of any city, town or village, not having a legal license to keep a dram-shop, unlawfully sold for money to divers persons intoxicating liquor, "the said liquor sold as aforesaid then and there not being in the original package as put up by the manufacturer." The information was signed and sworn to by the State's attorney, his affidavit stating the information "is true as he is informed and believes." When arrested and brought into court March 6, 1919, defendant made an oral motion to quash the information. April 14 defendant filed a special and general demurrer to the information and each count thereof. The grounds of general demurrer alleged were that the information was insufficient to require defendant to answer, and the grounds of special demurrer alleged were that the information did not state the name of the person to whom liquor was sold; that it did not state the kind, name or nature of the liquor sold, did not state in what quantity it was sold, and that it failed to allege with sufficient certainty and particularity such violation of the statute as to inform the defendant of the precise charge against him. The court overruled the motion to quash and the general and special demurrers. Leave was granted the State's attorney to amend the information. The amendment was filed April 14, and consisted of inserting in each count between words designated, "the said liquor sold as aforesaid then and there being in less quantities than five gallons." The cause came on for trial before a jury in May. The jury returned a verdict finding the defendant "guilty in manner and form as charged in each and every count of the information herein." The court overruled motions for a new trial and in arrest and sentenced defendant under the first count of the information to the county jail for thirty days and to pay a fine of $50 and costs and to

stand committed until said fine and costs are paid, and on each of the other counts to pay a fine of $50 and to stand committed until paid. Defendant has sued a writ of error out of this court to review the judgment.

Unless a constitutional question was raised in the trial court and is involved for decision this court has no jurisdiction to entertain the case, as the offense charged in the information is a misdemeanor. It does not appear from the record that any constitutional question was raised in the trial court by the motion to quash or the demurrers. Counsel say in the first point of their brief: "The statute authorizing prosecutions of criminal charges upon information of the State's attorney is unconstitutional,"—citing *People* v. *Clark,* 280 Ill. 160, *People* v. *Powers,* 283 id. 438, and *People* v. *Reed,* 287 id. 606. None of these cases so hold. This court has repeatedly sustained the statute authorizing prosecutions of misdemeanors by information. In the *Clark case* the information was not sworn to by anyone, and it was held the provision of the statute that when the information is presented by the Attorney General or State's attorney it need not be sworn to was in violation of section 6 of the bill of rights. The same objection to the information was made in the *Powers case,* but it was held that the point was waived by suing out a writ of error from the Appellate Court. In the *Reed case,* which also went first to the Appellate Court, the information was filed in the municipal court of Chicago, and one of the questions raised in this court questioned the jurisdiction of the municipal court because section 27 of the Municipal Court act permitted filing an information for a criminal offense on information and belief. The court held the point was waived by not raising it in the trial court and by taking the case to the Appellate Court.

We have examined this record and read the statements of counsel to the court and their colloquies with each other, and from none of them, nor from any written pleading or

document filed, does it appear that any constitutional objection was raised. The motion first made to quash was oral, but what is termed the general and special demurrers to the information set out only the objections we have above mentioned, and it seems quite clear that no constitutional question was raised in the trial court to the information in its original form or amended form. Before amendment the information charged a crime under the statute. (*Tipton v. People,* 156 Ill. 241.) If it be contended that the motion to quash and in arrest raised the constitutionality of the statute authorizing prosecutions of criminal offenses upon information of the State's attorney, as is apparently claimed, that question cannot now be raised in this court. When a constitutional question has been previously decided by this court it will not entertain an appeal or writ of error for the purpose of again raising the same question. *People* v. *Powers, supra; Dietz* v. *Big Muddy Coal and Iron Co.* 263 Ill. 480.

Other errors assigned and argued do not raise any constitutional question, and we are of opinion this court has no jurisdiction to entertain the writ of error.

The cause will therefore be transferred to the Appellate Court for the Second District, and the clerk of this court will transmit to that court the transcript and all files in the case.  .  .  *Cause transferred.*