Jeanne Ann **WRIGHT**, an incompetent person, by Harold E. Wright, her Guardian Ad Litem, Plaintiff and Appellant,

v.

The **STATE** of North Dakota et al., Defendants and Respondents.

Civ. No. 8720.

Supreme Court of North Dakota.

Sept. 2, 1971.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for appellant.

Helgi Johanneson, Atty. Gen., and Jos. A. Vogel, Jr., Sp. Asst. Atty. Gen., Bismarck, for respondents State of North Dakota and Walter R. Hjelle, as Commissioner of North Dakota State Highway Department.

Fleck, Mather, Strutz & Mayer, Bismarck, for respondent Charles R. Dukart.

BURDICK, District Judge.

This is a civil action brought by the plaintiff, Jeanne Ann Wright, an incompetent person, by Harold E. Wright, her guardian ad litem, hereinafter referred to as the plaintiff, against the defendants, the State of North Dakota, Walter R. Hjelle as Commissioner of the North Dakota State Highway Department, and Charles R. Dukart, to recover damages for personal injuries allegedly sustained in a motor vehicle accident on Interstate Highway No. 94 in Billings County, North Dakota, on the 24th day of June, 1970.

The plaintiff alleges in her complaint that while she was driving an automobile on Interstate Highway No. 94, defendant Charles R. Dukart was driving and operating a truck owned by defendant State of North Dakota in the course of his employment by the State Highway Department, at which time Dukart allegedly drove and operated the truck in a negligent manner, causing the two vehicles to collide, and causing the plaintiff to suffer severe personal injuries for which she seeks damages against the defendants.

Defendants State of North Dakota, hereinafter referred to as the "State", and Walter R. Hjelle as Commissioner of the North Dakota Highway Department, hereinafter referred to as the "Commissioner", moved the trial court for a summary judgment of dismissal of the plaintiff's claim against them, upon the ground of governmental immunity from suit.

The trial court granted the motion for summary judgment of dismissal. The plaintiff has appealed from the judgment of dismissal directed by the trial court.

The plaintiff contends that the governmental immunity of the State was waived by the State through the purchase of a policy of liability insurance authorized by Section 39–01–08, N.D.C.C., as amended, enacted pursuant to Section 22 of the Constitution of North Dakota.

Section 39–01–08, N.D.C.C., as amended, reads as follows:

"39–01–08. State and political subdivisions authorized to carry insurance on vehicles—Waiver of immunity to extent only of insurance purchased.—1. The state of North Dakota or any department, agency, or bureau, as well as any county, city, or other political subdivision including townships, school and park districts using or operating motor vehicles and aircraft, are hereby authorized to carry insurance for their own protection and for the protection of any employees from claims for loss or damage arising out of or by reason of the use or operation of such motor vehicle or aircraft, whether such vehicle or aircraft at the time the loss or damage in question occurred was being operated in a governmental undertaking or otherwise. If a premium savings will result therefrom, such policies of insurance may be taken out for more than one year, but in no event beyond a period of five years.

"2. If insurance is purchased pursuant to subsection 1, then the purchaser waives its immunity to suit only to the extent of allowing a determination of liability to the extent of the waiver of the immunity against liability described in subsection 3.

"3. If insurance is purchased pursuant to subsection 1, then the purchaser waives its immunity against liability only to the types of its insurance coverage and only to the extent of the policy limits of such coverage.

"4. If any dispute exists concerning the amount or nature of the insurance coverage, the dispute shall be tried separately before the main trial determining the claims and damages of the claimant.

"5. This statute confers no right for a claimant to sue the insurer directly."

Section 22 of the Constitution of North Dakota reads as follows:

"Section 22. All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay. Suits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct."

Uncontradicted evidence received in support of the motion for summary judgment shows that the State Highway Department on the 24th day of June of 1969 procured liability coverage for its employees under Policy No. 2CA 83 68 22 issued by Agricultural Insurance Company of Watertown, New York, hereinafter referred to as the "Company", in which the "named insured" are described as "The employees of the North Dakota State Highway Department, State Capitol Building, Bismarck, North Dakota". The policy was issued with a "Governmental Immunity Endorsement" which contains the following provision: "The Company hereby agrees to waive the defense of governmental immunity unless the named insured requests the company to assert such defense." The Company has not been requested to assert the defense of governmental immunity.

The policy also carries a special endorsement reading as follows:

"SPECIAL COVERAGE ENDORSEMENT FOR COMMISSIONERS, OFFICERS AND EMPLOYEES OF THE NORTH DAKOTA STATE HIGHWAY DEPARTMENT.

"In consideration of payment of the premium indicated, it is agreed that such insurance as is afforded by the policy for bodily injury liability and for property damage liability applies subject to the following provisions:

"1. The insurance applies to Commissioners, Officers, and Employees as named insured, if an employee of or officer of the State Highway Department, with respect to his operation of or presence in any automobile of the private passenger, commercial, or truck type.

"(1) owned by the State Highway Department, or

"(2) personally owned by the employee, but only while such automobiles are being operated by such persons in performance of their duties as officers or employees of the State Highway Department and only when the officer or employee is specifically authorized to use his private automobiles.

"2. The insurance applies only to the named insured.

"3. The insurance shall be excess insurance over any other valid and collectible insurance available to the named insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered hereunder.

"4. The insurance applies only to such and so many of the coverages as are indicated by specific premium charged or charges. The limit of the company's liability against such coverage shall be as stated on the policy subject to all the terms of the policy having reference thereto.

"5. The premium basis to be determined as follows:

The annual charge per employee is $20.26 BI, $10.21 PD. It is further understood and agreed that new employees are covered under this policy from the date of their employment. A pro-rate charge will be made for each such employee for the time of this employment. The policy is subject to premium adjustment at the time of the annual audit.

"6. The approximate number of employees-drivers at inception of this policy, 900. BI rate $20.26; premium $18,234.00. PD rate $10.21; premium $9,189.00. Total estimated premium $27,423.00.

"7. The definition of commercial or truck type automobile as set forth in the coverage endorsement attached to this policy is extended to include the following described equipment if capable of moving under its own power: asphalt spreader, road grader, road oiler, road roller, road scraper, street cleaner, street sweeper, street flusher, street sprinkler, tar spreader, road patrols, tractor mowers, snow removal equipment.

"Issued to *the Employees of the North Dakota State Highway Department* of *Bismarck, North Dakota* Endorsement effective June 29, 1969 Policy number 2CA 836822 Countersigned at *Bismarck, North Dakota* Agent *Lahr & Lahr Agency* of the *Agricultural Insurance Company*."

The undisputed evidence also shows that there was no formal organization of "the employees of the North Dakota State Highway Department" and that the policy was purchased by the State Highway Department.

While coverage of the policy was carefully restricted to the employees of the State Highway Department, the plaintiff contends that it must be construed as having been issued for the State's "own protection and for the protection of any employees from claims for loss or damage arising out of or by reason of the use or operation of" a motor vehicle. Stated differently, the plaintiff contends that the policy, if purchased at all, could only be issued for the protection of the State as well as its employees. This contention requires a construction of the word "and" as used in the clause "are hereby authorized to carry insurance for their [the State, department, agency, county, city, or other political subdivision, etc.] own protection and for the protection of any employees from claims for loss or damage."

Courts in other jurisdictions have generally held that the legislative purpose must be considered in determining the meaning of "and" in a statute.

As said in Union Starch & Refining Co. v. National Labor Relations Board, 186 F. 2d 1008, 27 A.L.R.2d 629 (7th Cir. 1951), cert. denied 342 U.S. 815, 72 S.Ct. 30, 96 L. Ed. 617, the word "or" is frequently used as having the same meaning as "and", particularly in permissive affirmative sentences.

In People v. Harrison, 194 Mich. 363, 160 N.W. 623 (1916), in a criminal penalty described as " 'a fine of not less than $50 nor more than $200 and the costs of his prosecution, *and* [emphasis supplied] to imprisonment in the county jail not less than twenty days nor more than six months, in the discretion of the court' ", the word "and" was held to mean "or" as well as "and".

In Skutt v. Dillavou, 234 Iowa 610, 13 N.W.2d 322, 155 A.L.R. 327, a "long-arm statute" gave the court jurisdiction over a person "in charge of the vehicle *and* [emphasis supplied] of the use and operation thereof". The court held that "and" also meant "or".

Compare Town of Somerset v. Dighton Water District, 347 Mass. 738, 200 N.E.2d 237 (1964); Ahrweiler v. Board of Supervisors of Mahaska County, 226 Iowa 229, 283 N.W. 889 (1939); and Elliott Grocer Co. v. Field's Pure Food Market, Inc., 286 Mich. 112, 281 N.W. 557, 118 A.L.R. 845 (1938).

See also, 82 C.J.S. Statutes § 335, n. 18 and 19; West's ⟨key⟩ Number System Statutes 197; and 50 Am.Jur. Statutes § 282, n. 16, citing Vicksburg, S. & P. Ry. Co. v. Goodenough, 108 La. 442, 32 So. 404, 66 L.R.A. 314 (1902).

This court had occasion to construe the word "and" in McCaull-Webster Elevator Co. v. Adams, 39 N.D. 259, 167 N.W. 330, L.R.A.1918D, 1036 (1918). In that case this court construed Section 6814, C.L.1913. That section provided, in part, that any person who shall furnish any labor upon, or furnish any materials, machinery, or fixtures for the construction or repair of any internal work, or for the erection, alteration, or repair of any building or other structure upon lands, or in making any other improvements thereon, including fences, etc., upon compliance with the requirements of law, " * * * shall have for his labor done or materials, fixtures, or machinery furnished a lien upon such building, erection, or improvement, *and* [emphasis supplied] upon the land belonging to such owner on which the same is situated, or to improve which said work ·was done or the thing furnished, to secure the payment for such labor, machinery, material, or fixtures." We held that the right to a lien upon the land was a complete right in itself and could exist whether or not the material was actually used upon the land where it was agreed to be used. Accordingly, the word "and" was construed to have both a conjunctive and disjunctive meaning.

In Spielman v. State, 91 N.W.2d 627 (N.D.1958), we held that, "The immunity of the state from liability for tort is not waived by legislative enactment unless the waiver appears by express provisions of the statute or necessary inference therefrom." We fail to find either the requisite express provision for waiver of governmental immunity or any necessary inference thereof from Section 39–01–08, N.D. C.C., as amended, by reason of the purchase by the State Highway Department of a policy of insurance limited in coverage to liability of state employees.

■■■ As used in the questioned clause in Section 39–01–08, N.D.C.C., as amended, we construe the word "and" to have not only its usual and ordinary conjunctive meaning, but also the disjunctive meaning of the word "or". This statute confers discretionary authority upon the executive branch of the State government to purchase contracts of liability insurance for itself and its employees.

■■ By the purchase of group liability insurance for its employees, the State assures itself of having financially responsible employees in the event of the employee's liability for a motor vehicle accident and the employee is assured of liability coverage he may well be unable to obtain as an individual. The State is interested in providing protection for its citizens who suffer injury at the hands of negligent State employees. This laudable objective can be achieved by the purchase of liability insurance protecting employees of the State without the State surrendering its constitutionally protected immunity from suit. In the absence of more precise statutory language which would require the State

and all of the departments, agencies, counties, cities, and other political units to submit to suit if they purchased liability insurance for their respective employees, we believe the statute should be construed so as to provide the governmental unit concerned, be it the State or a political subdivision, to have the greatest flexibility in implementing the obvious legislative purpose.

The authority conferred generally by Section 39–01–08, N.D.C.C., as amended, to carry liability insurance for the protection of the State or its lesser political entities, would have appropriate relevance in those situations where the State, or its lesser political entities, has ceased to have governmental immunity or finds it necessary, as in the case at bar, to defend against the claim that it had somehow waived its immunity from suit.

■■■ Be that as it may, it was within the discretion of the State Highway Department to determine whether a policy of insurance against liability should be purchased, who should be covered, and the extent of the coverage. Having elected to limit the policy coverage to departmental employees, the purchase of the policy was not a waiver of the immunity of the State from suit permitted by Section 22 of the Constitution of North Dakota.

The judgment of dismissal of the plaintiff's claim against the State and the Commissioner is affirmed.

ERICKSTAD, Acting C. J., and KNUDSON, TEIGEN, and PAULSON, JJ., concur.

The Honorable ALVIN C. STRUTZ, Chief Justice, deeming himself disqualified did not participate; the Honorable EUGENE A. BURDICK, Judge of the Fifth Judicial District, sitting in his stead.